Gerald D. Lane Jr., CA # 352470
E-mail: gerald@jibraellaw.com
E-mail: jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: (754) 444-7539

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA GILBERT,<br>*individually and on behalf of*<br>*all those similarly situated,*<br><br>       Plaintiff,<br><br>   vs.<br><br>CARSON SMITHFIELD, LLC,<br><br>       Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT AND**<br><br>**JURY DEMAND** |

Plaintiff Tara Gilbert ("Plaintiff"), *individually and on behalf of all those similarly situated*, sues Carson Smithfield, LLC ("Defendant") for violating the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. ("RFDCPA").

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C §1331, and 28 U.S.C §1337.

2.   Supplemental jurisdiction exists for the RFDCPA claim under 28 U.S.C. §1367.

3.     This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Los Angeles County, California.

4.     Venue of this action is proper in this Court because, pursuant to Cal. Code of Civ. Proc. § 395.5, et seq., the cause of action alleged below arose in Los Angeles County, California.

5.     This action is brought within the applicable statutory time limits of California law.

6.     Plaintiff has standing to maintain this action because Defendant's violations intruded upon Plaintiff's solitude, because Plaintiff suffered legal injury as a result of Defendant's violations, and because Plaintiff is not requesting an advisory opinion from this Court.  Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

## PARTIES

7.     Plaintiff is a natural person, and a citizen of the State of California, residing in Los Angeles County, California.

8.     Defendant is a Delaware limited liability company, with its principal place of business located in Woodbury, New York.

## DEMAND FOR JURY TRIAL

9.     Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

10. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

11. The Consumer Debt is an obligation allegedly due and owed by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt, Defendant, and Plaintiff (the "Subject Service").

12. The Subject Service was primarily for personal, family, or household purposes.

13. Plaintiff is a "debtor" within the meaning of Cal. Civ. Code § 1788.2(h).

14. Defendant's website states: "Carson Smithfield, LLC is dedicated exclusively to handling third-party recovery collection services."

15. Attached as Exhibit "A" is a copy of Defendant's website.

16. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

17. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

18. Defendant is a business entity engaged in the business of collecting consumer debts.

19. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20. Defendant is a "debt collector" within the meaning of Cal. Civ. Code § 1788.2(c).

21. Defendant, in the ordinary course of business, regularly attempts to collect obligations alleged to be due and owing on behalf of itself and/or others.

22. Section 1692c(a)(1) of the FDCPA is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.

23. Cal. Civ. Code § 1788.17 states that "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

24. Section 1692c(a)(1) of the FDCPA prohibits a debt collector, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, to communicate with a consumer in connection with the collection of any debt "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. *In the absence of knowledge of circumstances to the contract, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock post meridian, local time at the consumer's location.*" 15 U.S.C. § 1692c(a)(1). (emphasis added).

25. Under the RFDCPA, the definition of "debt collector" is broader and more inclusive than under the FDCPA because the RFDCPA allows for those collecting debts on their own behalf to be considered "debt collectors." *See* Cal. Civ. Code § 1788.2(c).

26. Plaintiff may state a claim for violation of the RFDCPA by showing that Defendant, a person attempting to collect an alleged debt on its own behalf, violated section 1692c(a)(1) of the FDCPA. *See* Cal. Civ. Code § 1788.17.

### THE FIRST COMMUNICATION

27. On July 31, 2024, Defendant made a phone call to Plaintiff (the "First Subject Communication").

28. Attached as Exhibit "B" is a copy of the First Subject Communication.

29. The First Subject Communication was a communication in connection with the collection of the Consumer Debt.

30. The First Subject Communication was made from Defendant and delivered to Plaintiff's personal phone number.

31. The First Subject Communication was made by Defendant to Plaintiff at 6:10 AM in Plaintiff's time zone.

32. The First Subject Communication was received by Plaintiff from Defendant at 6:10 AM in Plaintiff's time zone.

### THE SECOND COMMUNICATION

33. On August 5, 2024, Defendant made a phone call to Plaintiff (the "Second Subject Communication").

34. Attached as Exhibit "C" is a copy of the Second Subject Communication.

35. The Second Subject Communication was a communication in connection with the collection of the Consumer Debt.

36. The Second Subject Communication was made from Defendant and delivered to Plaintiff's personal phone number.

37. The Second Subject Communication was made by Defendant to Plaintiff at 6:13 AM in Plaintiff's time zone.

38. The Second Subject Communication was received by Plaintiff from Defendant at 6:13 AM in Plaintiff's time zone.

### THE THIRD COMMUNICATION

39. On August 24, 2024, Defendant made a phone call to Plaintiff (the "Third Subject Communication").

40. Attached as Exhibit "D" is a copy of the Third Subject Communication.

41. The Third Subject Communication was a communication in connection with the collection of the Consumer Debt.

42. The Third Subject Communication was made from Defendant and delivered to Plaintiff's personal phone number.

43. The Third Subject Communication was made by Defendant to Plaintiff at 6:20 AM in Plaintiff's time zone.

44. The Third Subject Communication was received by Plaintiff from Defendant at 6:20 AM in Plaintiff's time zone.

### THE FOURTH COMMUNICATION

45. On August 28, 2024, Defendant made a phone call to Plaintiff (the "Fourth Subject Communication").

46. Attached as Exhibit "E" is a copy of the Fourth Subject Communication.

47. The Fourth Subject Communication was a communication in connection with the collection of the Consumer Debt.

48. The Fourth Subject Communication was made from Defendant and delivered to Plaintiff's personal phone number.

49. The Fourth Subject Communication was made by Defendant to Plaintiff at 6:08 AM in Plaintiff's time zone.

50. The Fourth Subject Communication was received by Plaintiff from Defendant at 6:08 AM in Plaintiff's time zone.

### THE FIFTH COMMUNICATION

51. On August 30, 2024, Defendant made a phone call to Plaintiff (the "Fifth Subject Communication").

52. Attached as Exhibit "F" is a copy of the Fifth Subject Communication.

53. The Fifth Subject Communication was a communication in connection with the collection of the Consumer Debt.

54. The Fifth Subject Communication was made from Defendant and delivered to Plaintiff's personal phone number.

55. The Fifth Subject Communication was made by Defendant to Plaintiff at 6:07 AM in Plaintiff's time zone.

56. The Fifth Subject Communication was received by Plaintiff from Defendant at 6:07 AM in Plaintiff's time zone.

### CLASS ALLEGATIONS

#### PROPOSED CLASS

57. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually, and on behalf of all other similarly situated persons. The "Class" that Plaintiff seeks to represent is the below defined "FDCPA Class" and "RFDCPA Class" (collectively, "Classes").

58. The "**RFDCPA**" consists of: **[1]** all persons with California addresses **[2]** that Defendant or someone on Defendant's behalf **[3]** made a phone call to **[4]** between 9:00 PM and 8:00 AM **[5]** in connection with the collection of a consumer debt.

59. The "**FDCPA Class**" consists of: **[1]** all persons within the United States **[2]** that Defendant or someone on Defendant's behalf **[3]** made a phone call to **[4]** between 9:00 PM and 8:00 AM **[5]** in connection with the collection of a consumer debt.

60. Defendant and its employees or agents are excluded from the Classes.

61. Plaintiff does not know the number of members in the Classes but believes the number is in the several thousands, if not more.

### NUMEROSITY

62. Upon information and belief, Defendant has made thousands of phone calls to consumers between 9:00 PM and 8:00 AM, whereby such electronic mail communications violate 15 U.S.C. § 1692c(a)(1) and Cal. Civ. Code § 1788.17. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

63. The exact number and identities of the members of the Classes are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's e-mail records.

### COMMON QUESTIONS OF LAW AND FACT

64. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant made phone call communications to Plaintiff and members of the Class in connection with the collection of a consumer debt; [2] Whether Defendant made such communication(s) between 9:00 PM and 8:00 AM; [3] Whether Defendant should be enjoined from such conduct in the future.

65. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely made phone call communications that violate 15

U.S.C. § 1692c(a)(1) and Cal. Civ. Code § 1788.17 is accurate, Plaintiff and members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

66.     Plaintiff's claims are typical of the claims of the members of the Classes, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

67.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

### SUPERIORITY

68.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Classes prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

69.     The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged

acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

## Count 1
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)

70. Plaintiff, individually and on behalf of the FDCPA Class, incorporates by reference ¶¶ 1-69 of this Class Action Complaint.

71. Section 1692c(a)(1) of the FDCPA prohibits a debt collector, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, to communicate with a consumer in connection with the collection of any debt "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contract, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock post meridian, local time at the consumer's location." 15 U.S.C. § 1692c(a)(1).

72. As set forth above, Defendant made phone call communications to Plaintiff in connection with the collection of the Consumer Debt. *See* Exhibits B-F (the "Phone Call Communications"). The Phone Call Communications were made to Plaintiff between the hours of 9:00 PM and 8:00 AM in the time zone of Plaintiff. Defendant did not have the consent of Plaintiff to communicate with Plaintiff between the hours of 9:00 PM and 8:00 AM. As such, by and through the Phone Call Communications, Defendant violated § 1692c(a)(1) of the FDCPA.

65. WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests relief and judgment as follows:

(a)     Determine this action is a proper class action under Federal Rules of Civil Procedure;

(b)     A declaration that Defendant's conduct and/or practices described herein violate 15 U.S.C. § 1692c(a)(1);

(c)     Award Plaintiff and members of the FDCPA Class statutory damages pursuant to 15 U.S.C. § 1692k;

(d)     Enjoin Defendant from future violations of 15 U.S.C. § 1692c(A)(1) with respect to Plaintiff and the FDCPA Class;

(e)     Award Plaintiff and members of the FDCPA Class reasonable attorneys' fees and costs, including expert fees, pursuant to 15 U.S.C. § 1692k; and

(f)     Any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## VIOLATION OF CAL. CIV. CODE § 1788.17

73.     Plaintiff, individually and on behalf of the RFDCPA Class, incorporates by reference ¶¶ 1-69 of this Class Action Complaint.

74.     Section 1692c(a)(1) of the FDCPA, incorporated into the RFDCPA by Cal. Civ. Code § 1788.17, prohibits a debt collector, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, to communicate with a consumer in connection with the collection of any debt "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. *In the absence of knowledge of circumstances to the contract, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock post meridian, local time at the consumer's location.*" 15 U.S.C. § 1692c(a)(1) (emphasis added).

75.     As set forth above, Defendant made phone call communications to Plaintiff in connection with the collection of the Consumer Debt. *See* Exhibit B-F (the "Phone Call

Communications"). The Phone Call Communications were made to Plaintiff between the hours of 9:00 PM and 8:00 AM in the time zone of Plaintiff. Defendant did not have the consent of Plaintiff to communicate with Plaintiff between the hours of 9:00 PM and 8:00 AM.

76. As such, by and through the Phone Call Communications, Defendant violated Cal. Civ. Code § 1788.17.

77. WHEREFORE, Plaintiff, individually and on behalf of the RFDCPA Class, requests relief and judgment as follows:

(a) Determine this action is a proper class action under California Code of Civil Procedure and Cal. Civ. Code § 1781;

(b) A declaration that Defendant's conduct and/or practices described herein violate Cal. Civ. Code § 1788.17;

(c) Award Plaintiff and members of the RFDCPA Class statutory damages pursuant to Cal. Civ. Code § 1788.17;[1]

(d) Enjoin Defendant from future violations of Cal. Civ. Code § 1788.17 with respect to Plaintiff and the RFDCPA Class;

(e) Award Plaintiff and members of the RFDCPA Class reasonable attorneys' fees and costs, including expert fees, pursuant to Cal Civ. Code § 1788.17.[2]

(f) Any other relief that this Court deems appropriate under the circumstances.

---

[1] Cal. Civ. Code § 1788.17 states that "every debt collector collecting or attempting to collect a consumer debt … shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code," which includes 15 U.S.C. § 1692k(a)(2)(A).

[2] Cal. Civ. Code § 1788.17 states that "every debt collector collecting or attempting to collect a consumer debt … shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code," which includes 15 U.S.C. § 1692k(a)(3).

Dated: November 1, 2024

Respectfully Submitted,

<u>/s/ Gerald D. Lane, Jr.</u>
**GERALD D. LANE, JR., ESQ.**
California Bar No.: 352470
E-mail: gerald@jibraellaw.com
E-mail: jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: (754) 444-7539

*Counsel for Plaintiff*